Caskey DICKSON, as Special Trustee of the Thrift and Profit Plan of Latham & Watkins for the Benefit of Gary L. Dickson, Plaintiff—Appellant,

v.

CHASEMELLON SHAREHOLDER SERVICES, LLC, a limited liability company, Defendant—Appellee.

No. 03–55954.

D.C. No. CV–99–13189–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2005.

Decided Feb. 18, 2005.

J. Patrick Fleming, Jr., Case, Knowlson, Burnett & Wright, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Elena R. Baca, Paul, Hastings, Janofsky & Walker LLP, Los Angeles, CA, for Defendant–Appellee.

Before BROWNING, CUDAHY,* and RYMER, Circuit Judges.

### MEMORANDUM**

Caskey Dickson (Dickson), special trustee of the Thrift and Profit Plan of Latham & Watkins for the Benefit of Gary L. Dickson, appeals the district court's judgment for ChaseMellon Shareholder Services following a bench trial. We review the district court's findings of fact for clear error and its conclusions of law de novo. *Lentini v. California Ctr. for the Arts,* 370 F.3d 837, 843 (9th Cir.2004). We affirm.

We disagree with Dickson that the district court grafted a "reasonable grounds" exception onto Delaware Annotated Code title 6, § 8–401(a)(1) or (a)(5). Rather, the court determined that ChaseMellon had no duty to exchange or transfer because UMB Bank was not eligible to have unrestricted TMCS shares registered in the name of its nominee, Citruck & Co., pursuant to UMB's January 1999 request. This finding is well supported in the record, as the January 1999 request pertained to Certificate A–26 whose restrictive legend required an opinion of counsel before sale. The assignment letter UMB provided to ChaseMellon states that NATC "sell[s], assign[s] and transfer[s] unto Citruck & Co." Certificate A–26 "for value received." Although there was an opinion letter on file, it referenced a different certificate number and a different issue date.

We are not persuaded by Dickson's argument that the December 1998 opinion letter removed restrictions on "shares" rather than certificates. Nor is his position compelling that ChaseMellon's left hand didn't know what its right hand was doing; ChaseMellon's negligence (if any) isn't at issue in this case. Finally, whether ChaseMellon temporarily got it right—in Dickson's view—by issuing Certificate 1344 before cancelling it is irrelevant to the statutory question whether UMB was eligible to have an unrestricted share certificate registered in its name.

As failure to meet any one of § 8–401(a)'s conditions means that the issuer or its transfer agent had no duty to register transfer of shares, U.C.C. § 8–401 Official Comment 1, we do not consider whether the district court correctly or incorrectly imposed a reasonableness standard on § 8–401(a)(7) or § 8–401(b). Given this disposition, we also do not reach Dickson's alternative arguments that ChaseMellon did not have reasonable grounds for failing to register the transfer requested by UMB, or ChaseMellon's alternative arguments for affirming.

AFFIRMED.

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.